**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-725-RJC-DCK**

| | |
|---|---|
| ANDERSON LENEAVE & CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| PNC BANK and ROBERT DOUGHERTY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Abstain And Dismiss Or In The Alternative, To Stay Plaintiff's Complaint" (Document No. 2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

**I.  BACKGROUND**

Anderson LeNeave & Co. ("Plaintiff" or "ALN") initiated the present action with the filing of a "Verified Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on or about October 2, 2012. The Complaint includes seven (7) claims against PNC Bank, National Association ("PNC"), and/or Robert Dougherty ("Dougherty") (together "Defendants"). (Document No. 1-1). The crux of Plaintiff's Complaint is that pursuant to the terms of an Engagement Agreement with Defendant, Plaintiff is entitled to a "Transaction Fee" in the amount of $275,000, based on its assistance in securing the sale of Gorell Enterprises, Inc. assets to Soft-Lite. (Document No. 1-1, pp. 4, 9). Plaintiff asserts that

PNC and Meridian Financial Advisors, Inc., d/b/a The Meridian Group (the "Receiver") have advised that they do not intend to pay the Transaction Fee. (Document No. 1-1, pp.8-9).

Defendants' "Notice Of Removal" (Document No. 1) was filed on November 1, 2012. Also on November 1, 2012, "Defendant's Motion To Abstain And Dismiss Or In The Alternative, To Stay Plaintiff's Complaint" (Document No. 2) was filed with this Court. The pending motion has been fully briefed, including status updates filed on April 19 and 22, 2013, and is now ripe for disposition.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir.

2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

> The Supreme Court has also opined that
>
> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In the pending motion, Defendants request that this Court dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and (6), or "stay this action pending the resolution of a prior-filed action involving this same dispute now pending in the courts of Pennsylvania." (Document No. 2, p.1).

3

Defendants contend that PNC Bank, N.A. v. Gorell Windows & Doors, LLC, et al. and Anderson LeNeave & Co., Case No. GD-12-002752 (Court of Common Pleas of Allegheny County) (the "Pennsylvania Action"), filed on or about February 9, 2012, involves the same attorneys, the same claim for funds, and the same set of facts, as in this action. See (Document Nos. 1, 2-1).

Defendants note that on March 14, 2012, the presiding judge in the Pennsylvania Action ("Judge Ward") granted Anderson LeNeave & Co.'s petition to intervene, and thus made Anderson LeNeave & Co. a party to that action. (Document No. 2-1, p.6; Document No. 2-11, p.3). Defendants assert that Judge Ward "has already exercised jurisdiction over the property in dispute, and ordered those funds held in escrow by a third-party Receiver pending further order of that court or the parties' joint consent." (Document No. 2-1, p.9).

In contrast, ALN argues that "there is no pending litigation between Anderson LeNeave and PNC Bank related to the Pennsylvania Receivership Action as no complaint has ever been filed and served in that action." (Document No. 5, p.2). ALN concludes that this Court has jurisdiction over this case, and that "there is no pending parallel action that could potentially give rise to grounds for abstention." (Document No. 5, p.3).

The parties disagree, among other things, as to the significance of ALN's "Complaint In Intervention" (Document No. 2-9), including whether it was "filed" or "docketed" in the Pennsylvania Action. Although Judge Ward clearly identified ALN as a party to the Pennsylvania Action on March 14, 2012, ALN seems to assert that it is not a litigant in that action because it never filed and served a complaint. (Document No. 2-11, p.3; Document No. 5, p.2).

On April 9, 2013, the undersigned issued an "Order" (Document No. 8) noting that several months had passed since the pending motion was briefed, and that progress in the

4

Pennsylvania action may have clarified or otherwise impacted the pending request to abstain and dismiss, or stay, this action. The Court required the parties to "each file an update on the status of the Pennsylvania Action, including a concise discussion on what, if any, impact the Pennsylvania Action has on "Defendant's Motion To Abstain And Dismiss Or In The Alternative, To Stay Plaintiff's Complaint" (Document No. 2), on or before April 19, 2013." (Document No. 8). Defendants filed a timely "Status Update" (Document No. 9) on April 19, 2013; without any explanation for the delay or request for additional time, "Plaintiff's Report On The Status Of The Pennsylvania Action" (Document No. 10) was filed three (3) days late on April 22, 2013.[1]

The parties appear to have very different interpretations of recent activity in the Pennsylvania Action. (Document Nos. 9 and 10). Defendants assert that "fresh activity has underscored the propriety of dismissing or staying this North Carolina filing;" while Plaintiff contends the "status of the Pennsylvania Action remains precisely as it was at the time of Defendants' motion to dismiss or stay." Id.

Defendants assert that ALN is still represented in the Pennsylvania Action by the same attorneys from Shumaker, Loop & Kendrick that represent it here and that the Receiver remains the receiver in the Pennsylvania Action, and holds in trust the $275,000 Transaction Fee. (Document No. 9, p.2). Defendants further note that ALN's Complaint In Intervention seeking to recover the $275,000 Transaction Fee remains "on file" in the Pennsylvania Action, but acknowledges that ALN has taken no steps to serve or prosecute that Complaint. Id.

Defendants also contend that developments in the Pennsylvania Action are significant and undercut ALN's position here. Id. Specifically, Defendants relate that the Receiver filed, but then withdrew a motion to terminate its appointment; and, that ALN sought to review books

---

[1] Plaintiff is respectfully advised that failures to abide by the orders of this Court may result in sanctions.

and records of Gorell before the Receiver had them destroyed. (Document No. 9, pp.2-3). In short, Defendants seem to base their argument that this Court should abstain and dismiss, or stay, this action on: (1) a Complaint that has not been served or prosecuted; and (2) the Receiver's withdrawn motion to terminate its appointment. Id.

One significant fact the parties agree on is that the Receiver, to date, holds $275,000 in funds in escrow, and may not disburse those funds "absent (a) an Order of Court directing the Receiver to disburse the funds held in Escrow or (b) receipt by the Receiver of joint written instructions by PNC and Anderson LeNeave to distribute the Escrow." (Document No. 9, p.2); see also (Document No. 10, p.3); (Document No. 1-1, p.64).

Plaintiff ALN asserts that its "Complaint in Intervention" was never filed or served because it was mooted by other events. (Document No. 10, p.2). Plaintiff also asserts that release of the funds from the Receiver does not require further order of the Pennsylvania court, and that those "specific funds are not at issue in this case, but rather PNC Bank's own acts (or those of Mr. Dougherty) should render them liable to Anderson LeNeave for services performed." (Document No. 10, p.3).

After review of the Pennsylvania Action's docket, the undersigned observes that there has been almost no activity in that case since this action was filed on November 1, 2012, nearly six (6) months ago. (Document No. 10, pp.6-10). The minimal activity that has occurred in the past several months suggests that the Pennsylvania Action is winding down, and neither party in their status updates have persuaded this Court otherwise. It does not appear that there is any motions practice, or other activity, pending in the Pennsylvania Action that seeks to address the $275,000 held in escrow by the Receiver. In fact, Defendants acknowledge that they have refrained from further action in Pennsylvania, but state that if the instant motion is allowed they

will seek to "prompt ALN to press the claims it has filed but failed to pursue." (Document no. 9, p.4).

Based on the foregoing, as well as authority cited by "Plaintiff's Memorandum Of Law In Opposition To Defendants' Motion To Abstain And Dismiss Or, In The Alternative, To Stay Plaintiff's Complaint" (Document No. 5), the undersigned is not persuaded that this Court should abstain and dismiss, or stay, this action. In short, Defendants have not adequately supported their argument that Plaintiff's claims here should be dismissed or stayed so that Defendants can attempt to "prompt ALN to press the claims it has filed but failed to pursue" as an intervenor in the Pennsylvania Action. The undersigned finds that the passage of time since the instant motion was filed indicates that there is little, if any, action in the Pennsylvania Action that is likely to give rise to grounds for abstention. Moreover, the undersigned is persuaded at this stage that Plaintiff has adequately stated a claim upon which relief may be granted, and that this Court has jurisdiction to consider such claim(s).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Abstain And Dismiss Or, In The Alternative, To Stay Plaintiff's Complaint" (Document No. 2) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum

and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: May 1, 2013

David C. Keesler
United States Magistrate Judge